IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:18-282 |
| vs. ) | |
| ) | |
| Cesar Andres Calzada, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On March 27, 2019, Defendant Cesar Andres Calzada pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. On October 1, 2019, Defendant was sentenced to incarceration for a period of 80 months, to be followed by a term of supervised release for 5 years. Judgment was entered on October 8, 2019.

This matter currently is before the court on Defendant's motion for compassionate release, which motion was filed on July 13, 2020. Defendant moves the court to waive the administrative remedy requirements set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Under § 3582(c)(1)(A), the court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment. The First Step Act mandates the defendant exhaust administrative remedies prior to seeking relief in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4. 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Defendant does not allege he has made such a

request to his warden, or exhausted his administrative remedies under § 3582(c)(1)(A).[1]

Defendant requests the court to waive the exhaustion requirement. The exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Mason*, Criminal Action No. 1:15-cr-550-JMC, 2020 WL 4934304, at *2 (D.S.C. Aug. 24, 2020) (citing *United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020)). Defendant has not alleged any facts that would support waiver. Accordingly, the court declines to waive the exhaustion requirement. Because the BOP has not brought this motion, and Defendant has not alleged he exhausted his administrative remedies, his motion for compassionate release (ECF No. 380) is **denied**, without prejudice.

    **IT IS SO ORDERED.**

                                          /s/ Margaret B. Seymour
                                          Senior United States District Judge

Columbia, South Carolina

August 31, 2020

---

[1] Defendant must first apply to his Warden, and, if he receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until his administrative remedies are exhausted. See 28 C.F.R. part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this court.